PBT

$350

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

David Brown
2319 N. 51st Street
Philadelphia, PA 19131

   Plaintiff,

v.

City of Philadelphia
1515 Arch Street
Philadelphia, PA 19102

   And

Officer Andrew Jenkins, individually and in
his Official Capacity as a Police Officer
in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

   And

Sgt. Christopher Williams, individually and
in his Official Capacity as a Police Officer
in the Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

   And

Sylvester Johnson,
in his Official Capacity as Police
Commissioner of the City of Philadelphia
One Franklin Square
Philadelphia, PA 19106

   And

Northeastern Title Loans, LLC
1560 North Dupont Highway
New Castle, DE 19720

   And

10  2687

CIVIL ACTION NO.:

**FILED**

JUN – 4 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Jury of Twelve (12) Jurors Demanded

Richard Johanson  :
1560 North Dupont Highway  :
New Castle, DE 19720  :
    :
    And  :
    :
John Does 1-10  :
    :
    Defendants.  :

## CIVIL ACTION COMPLAINT

### I.    Preliminary Statement

1. This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' civil rights violations arising from Plaintiff, Michael Marion's unlawful arrest, prosecution, assault, and injury.

2. Individually, jointly and/or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3. Plaintiff reserves the right to rely on the "discovery rule" and the doctrine(s) of equitable tolling/fraudulent concealment, respectively.

4. Plaintiff, David Brown ("Plaintiff"), was wrongfully subjected to an unlawful repossession. As the direct result of the pervasive, intentional and systematic misconduct of the individual Defendants (including John Does) and the failure of Defendant, City of Philadelphia, to properly train, supervise and discipline the individual Defendant and other John Doe officers regarding their constitutional duty to conduct criminal investigations in good faith, as well as to refrain from violation of citizens' constitutional rights.

### II.    Jurisdiction and Venue

5. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. § 1331; supplemental jurisdiction or state law claim is granted by 28 U.S.C. § 1367.

6. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

**III.  Parties**

7. Plaintiff, David Brown, is an adult individual currently residing at the above-captioned address.

8. Defendant, Officer Andrew Jenkins ("Jenkins"), was at all times material hereto an officer with the Philadelphia Police Department ("Police Department"), and was responsible for the investigation and police prosecution relevant to this matter, and he was operating individually and in his official capacity as an employee, worker, or agent of Defendant, City of Philadelphia, at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

9. Defendant Sergeant Christopher Williams ("Williams") was at all times material hereto an officer with the Philadelphia Police Department ("Police Department"), and was responsible for the investigation and police prosecution relevant to this matter, and he was operating individually and in his official capacity as an employee, worker, or agent of Defendant, City of Philadelphia, at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

10. Defendant, City of Philadelphia ("City"), is a municipality, registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls the Philadelphia

Police Department, which employs Defendant Jenkins, Defendant Williams and other officers who violated Plaintiff's constitutional rights.

11. Defendant, Sylvester Johnson, was Police Commissioner for the City of Philadelphia Police Department ("Commissioner"), and is a municipal authority with agents authorized to receive service of process at the above-listed address, having acted under color of state law, in his official capacity.

12. Defendant Northeastern Title Loans, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principle place of address at the aforementioned address.

13. Defendant, Richard Johanson, is an adult individual employed and/or otherwise affiliated with Defendant, Northeastern Title Loans, LLC and at all times material hereto was working in the course and scope of his employment as an agent, servant, worker and/or employee of Defendant, Northeastern Title Loans, LLC.

14. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## IV. Operative Facts

15. On or about November 22, 2008, Plaintiff, David Brown, was at home at around 2 p.m.

16. Plaintiff heard loud noises coming from his own private driveway and looked out the window to see Defendant, Richard Johanson, a representative of Defendant, Northeastern Title Loans, LLC, in the process of repossessing Plaintiff's vehicle, a 1999 Lexus ES 300.

17. Johanson had already begun attached the chains to the front of Plaintiff's vehicle.

18. Not wanting his vehicle to be repossessed, Plaintiff opened the driver's side door of the vehicle and entered the vehicle, sat in the driver's seat and locked the door.

19. Johanson completed attaching the chains to the Plaintiff's vehicle and began hoisting the vehicle while Plaintiff was still sitting in the driver's seat.

20. As Johanson was hoisting the vehicle, Plaintiff telephoned the Philadelphia Police Department.

21. A few minutes later, Johanson had begun towing Plaintiff's vehicle out of his driveway and into the 51st street while Plaintiff remained inside the vehicle.

22. At that time, Defendant, Jenkins, arrived at the scene and stopped Johanson from proceeding down the street while Plaintiff was still inside the vehicle.

23. Jenkins approached the driver's side window of Plaintiff's vehicle and advised Plaintiff to exit the vehicle, which Plaintiff refused to do.

24. Plaintiff instead asked Jenkins to call his supervisor; Plaintiff refused to exit the vehicle because he knew Johanson would leave with his vehicle if he exited.

25. Jenkins contacted Defendant, Williams, to assist.

26. Williams arrived at the scene and immediately walked to the driver's side window of Plaintiff's vehicle and ordered Plaintiff out of the vehicle.

27. Plaintiff refused and explained the situation to Williams.

28. Williams again ordered Plaintiff to exit the vehicle, this time with his collapsible baton extended. Williams then proceeded to hit the side of Plantiff's vehicle with the baton and threatened to break the driver's side window of Plaintiff's vehicle with the baton.

29. Fearing for his safety and welfare, Plaintiff unlocked the driver's side door and exited the vehicle.

30. Prior to Williams threatening to hit the driver's side window, Plaintiff advised Williams that he was disobeying "directive three" in that he was assisting in a repossession which is expressly forbidden by the rules and regulations governing Philadelphia Police Department officers.

31. As a direct and proximate result of being hoisted, jacked up and towed down the street, by Defendant, Title Company, Plaintiff suffered physical injury including but not limited to neck strain.

32. As a direct and proximate result of the actions of Defendants, Plaintiff's rights to be secure in his person and his procedural and substantive due process rights were violated.

33. As a result of this failure to train, supervise, and discipline the individual officers within the police department, with respect to their constitutional duties and obligations, Defendants caused the constitutional violations and other conduct alleged in this Complaint.

34. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.

## DAMAGES

35. The actions of Police Defendants deprived Plaintiff of his rights, inter alia, guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and the laws of the Commonwealth of Pennsylvania.

**V.   Causes of Action**

**COUNT I**
**CIVIL RIGHTS VIOLATION**
**PLAINTIFF V. JENKINS, WILLIAMS, JOHANSON AND JOHN DOES, IN THEIR INDIVIDUAL CAPACITIES**

36. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly established and well-settled constitutional and other civil rights.

37. Defendants caused Plaintiff to suffer violations including violation of procedural and substantive due process arising from the wrongful repossession in violation of the IV and XIV Amendments to the United States constitution.

## COUNT II
### CIVIL RIGHTS VIOLATION - *MONELL*
### PLAINTIFF V. DEFENDANTS
### IN THEIR OFFICIAL CAPACITIES

38. Defendants have developed and maintained policies, practices and customs exhibiting deliberate indifference to the constitutional right of persons within the geographic and jurisdictional limits of Philadelphia County, which caused violations of Plaintiff's constitutional and other rights.

39. Specifically, Defendants failed to adequately and properly supervise and train in various aspects of law enforcement, criminal prosecution procedure and substance, including but not limited to, the nature and existence of lawful cause, evaluation of character and evidence, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

40. The actions in conduct of Defendants was caused by the failure of the Defendants, with deliberate indifference, to properly train, control or supervise these police officers with respect to their investigative power in accordance with the United States constitution and the Pennsylvania constitution.

41. The above-described acts or omissions by Defendants demonstrated a deliberate indifference to the rights of those within the City of Philadelphia, such as Plaintiff, and were the caused of the violations of Plaintiff's rights as set forth herein.

## COUNT III
### NEGLIGENCE
### PLAINTIFF V. NORTHEAST TITLE COMPANY, LLC AND JOHANSON

42. Defendants had a duty to repossess Plaintiff's vehicle in a reasonably safe manner in reference to other persons or property in the vicinity.

43. Defendant's aforementioned conduct represents a breach of that duty, in that the repossession was not performed in a reasonably safe manner.

44. Defendant's actions in hoisting and towing the Plaintiff's vehicle, while Plaintiff was in the driver's seat is a direct and proximate cause of Plaintiff's injuries.

## COUNT IV
### CONVERSION
### PLAINTIFF V. DEFENDANTS JOHANSON AND NORTHEAST TITLE COMPANY, LLC

45. Plaintiff incorporates paragraphs 1-44 above as fully set forth at length herein.

46. Defendants aforementioned repossession of Plaintiff's vehicle is an unlawful deprivation of Plaintiff's rights to the property.

47. Defendants' repossession of Plaintiff's vehicle was done without Plaintiff's consent and without lawful justification.

48. Whereby Defendants' conduct represents an unlawful conversion of Plaintiff's vehicle, as set forth at length above.

**VI.   Prayer for Relief**

49. WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of $75,000.00, plus such other and further relief as this Honorable Court deems necessary and just and to order the following in relief:

    A.    Injunctive relief including but not limited to monitoring and education;
    B.    Statutory damages;

C.  Compensatory damages, including;
   i.   Actual damages for financial injury, pain and suffering, and emotional distress
   ii.  Compensation for damages as a result of the bodily injury sustained by Plaintiff;
   iii. Attorney's fees and expenses, and cost of suit; and
D.  Punitive damages.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff