## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Brown | : | |
| 2319 N. 51st Street | : | |
| Philadelphia, PA 19131 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: 10-2687 |
| | : | |
| City of Philadelphia, et al | : | |
| 1515 Arch Street | : | Jury of Twelve (12) Jurors Demanded |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW this _____ day of _____, 2010, upon consideration of Defendant, Northeastern's Motion to Compel Arbitration, and Plaintiff's Response in opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Petrese B. Tucker                                           ,J.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| David Brown : | |
| 2319 N. 51st Street : | |
| Philadelphia, PA 19131 : | |
| : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO.: 10-2687 |
| : | |
| City of Philadelphia, et al : | |
| 1515 Arch Street : | Jury of Twelve (12) Jurors Demanded |
| Philadelphia, PA 19102 : | |
| : | |
| Defendants. : | |

## ALTERNATE ORDER

AND NOW this _____ day of _____, 2010, upon consideration of Defendant, Northeastern's Motion to Compel Arbitration, and Plaintiff's Response in opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED in part and DENIED in part:

Defendant is severed from this action and Plaintiff shall proceed to arbitration as to only said Defendant. The balance of Plaintiff's claims shall proceed.

**AND IT IS SO ORDERED.**

_____
Petrese B. Tucker                                                                       ,J.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Brown<br>2319 N. 51st Street<br>Philadelphia, PA 19131 | :<br>:<br>:<br>: | |
| Plaintiff,<br>v. | :<br>: | CIVIL ACTION NO.: 10-2687 |
| City of Philadelphia, et al<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: | Jury of Twelve (12) Jurors Demanded |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, NORTHEASTERN'S MOTION TO COMPEL ARBITRATION

Incorporating by reference his attached Memorandum of Law, Plaintiff requests this Honorable Court deny Defendant, Northeastern's Motion to Compel Arbitration.

WHEREFORE, Plaintiff requests this Honorable Court deny Defendant, Northeastern's Motion to Compel Arbitration. In the alternative, Plaintiff requests this Honorable Court sever said Defendant against only whom arbitration shall proceed with the balance of this action proceeding before this Honorable Court.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| David Brown | : | |
| 2319 N. 51st Street | : | |
| Philadelphia, PA 19131 | : | |
| | : | |
|    Plaintiff, | : | |
|     v. | : | CIVIL ACTION NO.: 10-2687 |
| | : | |
| City of Philadelphia, et al | : | |
| 1515 Arch Street | : | Jury of Twelve (12) Jurors Demanded |
| Philadelphia, PA 19102 | : | |
| | : | |
|    Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT, NORTHEASTERN'S MOTION TO COMPEL
ARBITRATION**

**I. Introduction**

> This Arbitration Agreement describes when and how a Claim (as defined below) arising under or related to this Installment Loan And Security Agreement (the "Loan Agreement") between you and us **may** be arbitrated.
>
> … "Claim" means any claim, dispute or controversy between you and us that in any way arises from or relates to the <u>Loan Agreement</u> … (emphasis added).

The Arbitration Agreement is a prohibited addendum to the Retail Installment Sales Contract ("RISC"). The Arbitration Agreement does not require arbitration and is thus, void for ambiguity. Plaintiff's Complaint is not a "claim" within the meaning of the Arbitration Agreement.

For <u>any</u> of the foregoing, Defendant's Motion should be denied; Defendant discusses <u>none</u>. In the alternative, Defendant should be severed to arbitration allowing the balance of Plaintiff's claims to proceed.

**II.     Argument**

      A.     <u>The Arbitration Agreement is a Prohibited Addendum and Prohibitively Executed *After* the RISC</u>

There is no arbitration provision in the RISC. The arbitration provision appears only as an addendum. The addendum is not a part of the RISC as a matter of law regardless of its attempt to be integrative – by statute, there can be no integration.

Pursuant to the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"), RISC's related to the financed sale of a motor vehicle "shall contain **all** of the agreements between the buyer and the seller relating to the installment sale of the motor vehicle sold." 69 P.S. § 613(a) (emphasis added). Pursuant to the MVSFA, "[e]very installment sale contract shall be completed as to **all** essential provisions <u>prior to the signing of such contract by the buyer</u>." 69 P.S. § 613(b) (emphasis added). Therefore, any "agreement" not in the RISC is null and void. <u>Newman v. Keys</u>, 12 Pa. D&C.2d 705 (Pa.Com.P. 1956) (judgment note separate from RISC was null and void pursuant to 69 P.S. §§ 613 & 614).

It is important to note the MVSFA's history and purpose. In developing and passing the MVSFA, the Pennsylvania legislature found that there was a great need to remedy the wide-spread and nefarious sales practices employed by motor vehicle dealers. In particular, the legislature underlined and targeted for amelioration sellers' use of multiple documents to confuse and mislead consumers. The legislature found the following:

> (a)  That an exhaustive study by the Joint State Government Commission discloses nefarious, unscrupulous and improper practices in the financing of the sale of motor vehicles in this Commonwealth which are unjustifiable detrimental to the consumer and inimical to the public welfare. Such practices prevail not only among some sellers, but also among some sales finance companies and some banks, which acquire contracts arising out of

    installment sales of motor vehicles, and which frequently influence the credit policies of sellers.

 (c) That consumers, because of these legal technicalities and because of their unequal bargaining position, are at the mercy of unscrupulous persons and are being intolerably exploited in the installment purchase of motor vehicles. Such exploitation is evident in the unfair provisions of the installment sale contract, exorbitant charges for credit, extortionate default … **collection, repossession** … **unconscionable practices respecting execution of contracts** … **repossession** and redemption.

 (d) That practices enumerated, and others equally pernicious, have existed to such an extent that regulation of the installment selling of motor vehicles is necessary to the adequate protection of the public interest.  Adequate regulation of installment selling must include **control of the functions of selling and financing of motor vehicles** …

Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to promote the welfare of its inhabitants and to protect its citizens from abuses presently existing in the installment sale of motor vehicles, and to that end exercise the police power of the Commonwealth to bring under the supervision of the Commonwealth all persons engaged in the business of extending consumer credit in conjunction with the installment sale of motor vehicles; to establish a system of regulation for the purpose of ensuring honest and efficient consumer credit service for installment purchasers of motor vehicles; and to provide the administrative machinery necessary for effective enforcement.  69 P.S. § 601 (emphasis added).

  The provisions of the MVSFA cannot be waived: "No act, agreement or statement of any buyer in any installment sale contract shall constitute a valid waiver of any provision of this Act intended by the legislature for the benefit of protection of retail installment buyers of motor vehicles."  69 P.S. § 632.

  The MVSFA is remedial in nature – it must be construed liberally to effectuate its overall purpose of protecting consumers from unfair practices by both automobile sellers and

direct and indirect lenders.  Anderson v. Automobile Fund, 391 A.2d 642, 651 (Pa.Super. 1978) (citing Com. v. Monumental Properties, Inc., 459 Pa. 450, 329 A.2d 812 (1974)).

The addendum's arbitration provision is statutorily void as against public policy (as is its attempt to be integrative) because the arbitration provision is not contained within the RISC.  Further, the addendum was clearly executed **after** the RISC – also statutorily prohibited, rendering it void.

B.  "*May*" Renders the Arbitration Provision Void for Ambiguity

*May* creates ambiguity as to arbitration's election rendering the Arbitration Agreement unenforceable.  Cosme v. Durham, Civ.A. No. 07-3153 (E.D.Pa. February 6, 2008); Hankin v. Graphic Technology, Inc., 2009 WL 3825880 (Pa.Com.Pl. 2009).

*May* renders the arbitration provision void as ambiguous.  If "may," then Plaintiff declines arbitration.  There is nothing within the arbitration agreement that renders it compelling arbitration.

C.  Plaintiff's Complaint is not a "Claim" as Defined

In contrast to many Courts' holdings that an arbitration provision is to be broadly construed to include causes of action contemplated but not otherwise set forth therein the arbitration provision, the United States Supreme Court has recently held that an arbitration provision must be narrowly construed consistent with contract law principles ("to determine whether the parties' dispute … is arbitrable, it is necessary to apply the rule that a court may order arbitration of a particular dispute only when satisfied that the parties agreed to arbitrate *that dispute*").  Granite Rock Co. v. International Brotherhood of Teamsters, No. 08-1214 (U.S. June 24, 2010) (slip opinion) (emphasis not added).

Plaintiff does not complain against Northeastern's contractual right to repossess (i.e., "arises of or relates to the Loan Agreement"), but rather Defendant's unlawful manner of repossession. No matter how broad Movant requests this Honorable Court construe its arbitration provision, the United States Supreme Court requires that provision's strict, narrowest reading.

Plaintiff's Complaint does not arise from or relate to the loan agreement – it is effectively a personal injury action arising from a repossession gone awry.

### III. Conclusion

The arbitration provision is an invalid addendum which statutorily cannot be integrated and was prohibitively executed after the RISC - legislatively void as against public policy. There is nothing within the arbitration provision, in fact, compelling arbitration – "may" renders the arbitration agreement unenforceably vague. Plaintiff's Complaint does not raise a "claim" arising from or relating to the Loan Agreement – Plaintiff does not challenge Movant's right of repossession but rather the manner in which it was performed.

Much as Movant's Brief claims this arbitration issue is settled law, ***none*** of the authority cited by Defendant discusses any of the foregoing arguments; thus, Plaintiff respectfully requests this Honorable Court exercise its duty of independent review.

In the event this Honorable Court finds the arbitration provision enforceable, Plaintiff requests Defendant be severed to arbitration and this action be allowed to proceed in balance (the remaining claims and Defendants are instantly unrelated).

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Brown | : | |
| 2319 N. 51st Street | : | |
| Philadelphia, PA 19131 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: 10-2687 |
| | : | |
| City of Philadelphia, et al | : | |
| 1515 Arch Street | : | Jury of Twelve (12) Jurors Demanded |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 1st day of October, 2010, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant, Northeastern's Motion to Compel Arbitration and Memorandum of Law in support thereof were served via ECF, upon the following parties:

Amanda C. Shoffel, Esq.
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

Burt M. Rublin, Esq.
Willian B. Igoe, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market St., 51st Fl.
Philadelphia, PA 19103-7599

                                            WEISBERG LAW, P.C.

                                            /s/ Matthew B. Weisberg
                                            Matthew B. Weisberg, Esquire
                                            Attorney for Plaintiff